UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERT MONTEIRO

v. CA No. 04-044-T

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, United States District Judge.

Albert Monteiro has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). For the reasons hereinafter stated, the motion is denied.

**Background Facts**

On January 13, 2001, Monteiro was arrested by Providence police officers who observed him walking through a parking lot with a firearm visibly protruding from his waistband. Monteiro was charged with possessing the firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). Because Monteiro, previously, had been convicted of a number of violent crimes, the Government filed a notice indicating its intention to seek to have Monteiro classified as an armed career criminal under 18 U.S.C. § 924(e)(1) ("ACCA") subject to a 15-year mandatory minimum sentence.

Monteiro pled guilty. At his sentencing hearing on March 29, 2002, Monteiro did not dispute the applicability of ACCA, nor did he challenge the calculation of the applicable Sentencing Guideline range. Rather, Monteiro argued that ACCA's mandatory minimum

sentence violated an international treaty and that he was entitled to a downward departure based on extraordinary family circumstances.

This Court rejected both of Monteiro's arguments and sentenced Monteiro to 165 months imprisonment, to run concurrently with a sentence that he was serving on state charges stemming from the same incident. The 165 months reflected a 15-month credit for time Monteiro already had served on the state charges.

Monteiro appealed, reiterating his argument that ACCA's mandatory minimum sentence violated international law and that the Court should have departed downward from the applicable Guideline range. In addition, Monteiro argued that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. The Court of Appeals rejected those arguments and affirmed Monteiro's conviction and sentence. See United States v. Albert Monteiro, Dkt. No. 02-1408, Judgment (1st Cir. October 24, 2002), cert. denied, 537 U.S. 1225 (2003).

**The § 2255 Motion**

In his § 2255 motion, Monteiro claims that the arresting officers violated his Fourth Amendment rights to be free from illegal searches and seizures by stopping him without probable cause. In addition, Monteiro claims that he was denied effective assistance of counsel because his attorney failed to: (1) seek dismissal of his indictment on the ground that it was barred by the

double jeopardy clause; (2) interview an eyewitness and (3) argue that this Court lacked jurisdiction on the ground that the firearm seized from him was not shown to have affected interstate commerce.

## Analysis

### I. The Fourth Amendment Claim

Since Monteiro pled guilty, he cannot, now, collaterally attack the constitutionality of his arrest or the seizure of the firearm from him. See United States v. Valdez-Santana, 279 F.3d 143, 145 (1st Cir. 2002) (a criminal defendant who pleads guilty cannot thereafter attack the validity of his conviction based on the alleged deprivation of constitutional rights occurring prior to the guilty plea).

### II. The Ineffective Assistance Claims

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

1. That his counsel's performance "fell below an objective standard of reasonableness;" and

2. "A reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful,

unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001), citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993).

In assessing the adequacy of counsel's performance:

> [T]he Court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F. Supp. 2d 63, 66 (D.R.I. 1998), quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688. This means that the defendant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985).

In order to satisfy the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693.

A. The Double Jeopardy Claim

There was nothing unreasonable about Monteiro's counsel's failure to seek dismissal of the indictment on double jeopardy grounds because that argument is patently without merit. It is based on the contention that Monteiro's state prosecution for an offense arising out of the same incident bars his federal prosecution. However, it is well established that, under the Double Jeopardy clause, a state prosecution does not bar a federal prosecution for the same conduct because, "when a defendant in a

single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct 'offences' and can be prosecuted and punished for both." United States v. Guzman, 85 F.3d 823, 826 (1st Cir. 1996), quoting Heath v. Alabama, 474 U.S. 82, 88, 106 S.Ct. at 437 (1985).

B. Failure to Interview Eyewitness

Defense counsel's alleged failure to interview someone whom Monteiro describes as an eyewitness "who could have testified that the police officers lied" with respect to the circumstances surrounding their search of Monteiro and the seizure of the firearm that he was carrying (Motion to Dismiss ¶ 12B) is not an ground for vacating Monteiro's conviction because, as previously stated, Monteiro's guilty plea bars him from now challenging the search. See discussion supra at 3. Moreover, Monteiro has failed to specify what testimony the purported eyewitness would have given or how it would have shown that the police officers "lied."

C. The Jurisdictional Challenge

Monteiro's claim that his counsel was deficient in not challenging this Court's jurisdiction also lacks merit, for two reasons.

First, contrary to Monteiro's assertions, the Government did present evidence that the firearm, in question, had traveled in interstate commerce. Part of the Government's proffer at the plea hearing was that "The pistol which Mr. Monteiro possessed was

manufactured in the state of Florida. There are no gun manufacturing plants in the state of Rhode Island." (See Transcript of Change of Plea Hearing conducted on January 11, 2002 ["Plea Tr."] at 14.) Monteiro, under oath, admitted those facts. (Id. at 14-15.)

Second, it is well established that the commerce clause confers on Congress the authority to criminalize a convicted felon's possession of a firearm that has traveled in interstate commerce. See, e.g., United States v. Cardoza, 129 F.3d 6, 10-11 (1st Cir. 1997); United States v. Blais, 98 F.3d 647, 649 (1st Cir. 1996).

In short, Monteiro's counsel cannot be faulted for not taking a position that was foreclosed by the facts admitted by Monteiro and the law establishing the sufficiency of those facts.

**Conclusion**

For all of the foregoing reasons, Monteiro's § 2255 motion is denied.

IT IS SO ORDERED:

Ernest C. Torres

Ernest C. Torres
Sr. U.S. District Judge

Date: 2/15/07